# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAURIE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:08CV1966 HEA(LMB) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying plaintiff's application for Supplemental Security Income benefits under Title XVI of the Social Security Act. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Currently pending is Defendant's Motion to Reverse and Remand with Suggestions in Support. (Document Number 17). Plaintiff has not filed a Response to defendant's motion.

In his motion, defendant requests that the court reverse the decision of the Administrative Law Judge (ALJ) and remand this action pursuant to sentence four of 42 U.S.C. § 405(g). Defendant states that upon receipt of the court's remand order, the Appeals Council of the Social Security Administration will remand this case to an ALJ, who will be directed to reevaluate the medical opinions provided by Yolanda Blesdoe, M.D., Ai-Ling Wu, M.D., Eve Kahn, L.P.C., L. Lynn Mades, Ph.D., and Ricardo C. Moreno, Psy.D. The ALJ will be directed to articulate and

explain the weight afforded to the opinions rendered by these sources. The ALJ will then reevaluate plaintiff's residual functional capacity and proceed as necessary in the sequential evaluation process. Defendant requests that the court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner.

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." However, in order for the court to properly remand a case to the Commissioner pursuant to sentence four, the court must enter an order either affirming, modifying or reversing the Commissioner's decision. See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002).

The undersigned believes that it is appropriate to reverse and remand this case in order to permit the Commissioner to take further action as requested in his motion.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand (Doc. No. 17) be **granted**.

**IT IS FURTHER RECOMMENDED** that the decision of the Commissioner be **reversed** and this case be **remanded** to the Commissioner for further proceedings pursuant to sentence four of § 405(g) for those reasons set forth in this report and recommendation.

Dated this __22nd__ day of October, 2009.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE